## Case No. 12,635.

SEIDENBACH et al. v. HOLLOWELL et al.

[5 Dill. 382.] [1]

Circuit Court, E. D. Arkansas. 1879.

COURTS—SUITS IN STATES CONTAINING MORE THAN ONE DISTRICT—ATTACHMENT OF PROPERTY.

Where a state contains more than one district, and the suit is not of a local nature, the defendant must be sued in the district in which he resides. If all of the defendants in such a suit reside in the same district, suit must be brought therein. It is only when the defendants reside in different districts that suit may be brought in either district (Rev. St. § 740); and where the defendants, not residing in different districts, were sued in a district in which neither resided, and a writ of attachment was directed to another district, where the owner of the property thereon attached resided, the court, on motion, discharged the property from the writ.

Plaintiffs [Seidenbach, Schwab & Co.], who are citizens of Ohio, sued, in an action to recover money, the two defendants [J. T. Hollowell and W. C. Watt], who are both citizens of the state of Arkansas, and who are inhabitants of the Western district, in the circuit court for the Eastern district, and sued out from this court a writ of attachment directed to the marshal for the Western district, but did not sue out any writ to the Eastern district. Both defendants being served, the defendant Watt made no defence, and an interlocutory judgment by default went against him. The other defendant answered, alleging that both defendants were inhabitants of the Western district. Both defendants then moved to discharge the attachment on the same grounds set up in the answer. It appeared that some time before the beginning of the suit the defendant Watt had sold all his interest in the goods attached to his co-defendant. The case is before the court on the motion to discharge the attachment.

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

U. M. Rose, for the motion.

Erb, Summerfield & Erb, contra.

Before DILLON, Circuit Judge, and CALD-WELL, District Judge.

DILLON, Circuit Judge. The state of Arkansas contains two districts. This suit is not of a local nature. The defendants are both residents of the Western district. They had been partners, and the firm had been dissolved, and the defendant Hollowell had purchased all of the interest of his co-defendant Watt in goods attached. These goods were in the Western district. It is undisputed that Hollowell resided in that district. It is claimed by the plaintiffs that Watt had lost his residence therein. The proof does not establish this. But if this were so, the proof shows that he did not reside in the Eastern district. Under these circumstances, the defendant Hollowell must be sued in the district in which he resides. Such is the true construction of section 740 of the Revised Statutes. It is immaterial that the service of the summons was made on both defendants in the Eastern district. It is not necessary to consider the effect of the default of Watt. He was not the owner of the property attached. Hollowell never submitted to the jurisdiction of the court.

The present motion is to discharge the property attached. That motion must be sustained, on the ground that there was no authority of law to send the writ of attachment into the Western district. State regulations as to where the writ of attachment may run, do not apply. Hollowell alone could move to discharge the property attached under the writ, and his right to this relief is not weakened by his co-defendant joining in the motion.

Such was the opinion of the district judge, and such is also the opinion of Mr. Justice Miller, to whom the records and the briefs have been submitted, as well as my own. Motion sustained.